AMPEL v. SEIFERT et al.

(Supreme Court, Appellate Term.   June 22, 1903.)

1. SALES—SUIT FOR PURCHASE PRICE—NATURE OF TRANSACTION—SUFFICIENCY OF EVIDENCE.
    Evidence *held* insufficient to show that a consignment of furs by a Jewish teacher traveling in Europe to fur merchants in New York was an absolute sale, rather than made under an option in the merchants to elect what furs they would keep, and dispose of the others on commission, holding any remainder to the teacher's account.

2. SAME—BURDEN OF PROOF
    The burden is on a seller suing for the price of goods, under what he claims was an absolute sale, to substantiate his version of the character of the transaction.

3. SAME—AMOUNT OF VERDICT
    Evidence in a seller's suit for the purchase price of goods *held* insufficient to sustain a finding as to market value.

Appeal from City Court of New York, Special Term.

Action for the price of goods by Efriam Ampel against Wolf Seifert and another. From an order denying a motion for a new trial on a verdict rendered against defendants, and from an order restraining the proceedings of plaintiff and the sheriff under an execution upon certain conditions named therein, defendants appeal. Reversed in part, and affirmed in part.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and MacLEAN, JJ.

Kenneson, Crain, Emley & Rubino, for appellants.
Henry Kuntz, for respondent.

FREEDMAN, P. J. The order, as resettled, restraining the plaintiff and the sheriff from proceeding under any and all executions on the judgment, upon certain conditions therein named, should be affirmed, with costs.

The appeal of the defendants from the order denying their motion, which was made under section 999 of the Code, to set aside the

verdict and for a new trial, presents a more serious question. The issue litigated and submitted to the jury was whether certain skins and furs shipped by the plaintiff from Europe to the defendants' firm were unqualifiedly sold to them, to be paid for at the market price in New York, or consigned to them upon the agreement that the defendants should pay him the market price in New York of such of the goods as they might elect to keep; that the remainder should, if possible, be sold by them for plaintiff's account upon a commission of 10 per cent.; and that such of the goods as they did not elect to keep for themselves, and were unable to dispose of to others, should be held for his account. The only evidence to establish plaintiff's claim of an unqualified sale of all the goods was that which came from his own lips. He was flatly contradicted by the defendants, and their version, viz., that only a consignment was agreed upon, was partially, but materially, corroborated by a disinterested witness. Upon the question of market price, the plaintiff's testimony was also somewhat weakened by his own sworn statements in making oath to the consular invoices. Moreover, upon the whole case, the plaintiff's version appears to be inherently improbable, and that of the defendants highly probable. The defendants were fur merchants in New York. The plaintiff was a Jewish teacher of languages—a man who had never been in the fur business, and who did not have, even on the day of the trial, knowledge as to the market value of furs. He wanted the court and jury to believe that the defendants bound themselves absolutely to buy at the market price in New York all furs and skins which during his European trip he might ship to them, regardless of the fact that he was no judge of the quality of furs or skins, regardless of dates of shipment and the seasonableness of the goods in the New York market, and regardless of the length of time during which he might make purchases, and all this without limit as to the quantities which he might elect to purchase. Such an agreement would lack every element of ordinary business prudence on the part of the defendants. The burden of proof was upon the plaintiff, but the preponderance of evidence was so much in favor of the defendants that their motion to set aside the verdict and for a new trial should have been granted.

I am also of opinion that the evidence as to market value in New York is insufficient to sustain the verdict as rendered. The plaintiff himself had no knowledge whatever upon the subject. The only witness he produced had never seen the goods, and such witness, although perhaps otherwise qualified, frankly admitted that the value depended upon what kind of goods they were. It was not shown to him whether the goods in question were good or bad, of superior or inferior quality or fineness, large or small, dressed or undressed, or whether they were German or Austrian furs, and the witness carefully refrained from testifying as to the value of the particular goods in dispute.

The order denying defendants' motion to set aside the verdict and for a new trial should be reversed, and a new trial ordered, with costs to appellants to abide the event. All concur.